IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Appellant,<br><br>v.<br><br>CARLOS ALSTON,<br>　　　　　　　Appellee. | No. 23-4705 |

**UNOPPOSED MOTION TO REMOVE CASE FROM ABEYANCE**

Appellee Carlos Alston respectfully moves this Honorable Court to remove this case from abeyance. The government does not oppose this motion. In support, Mr. Alston shows the Court the following:

1. On January 4, 2023, a grand jury indicted Mr. Alston for (1) possession of a firearm while under indictment in violation of 18 U.S.C. § 922(n), and (2) possession of a firearm knowing he was an unlawful user of, and addicted to, marijuana in violation of 18 U.S.C. § 922(g)(3).

2. On October 24, 2023, the district court denied Mr. Alston's motion to dismiss count 1 but granted his motion to dismiss count 2 on the ground that 18 U.S.C. § 922(g)(3) violates Mr. Alston's Second Amendment right to keep and bear arms.

3.   On November 20, 2023, the government filed an interlocutory appeal of the district court's ruling that 18 U.S.C. § 922(g)(3) is unconstitutional.

4.   The government filed its corrected opening brief on March 12, 2024, and Mr. Alston filed his response brief on September 20, 2024.

5.   Local Rule 12(d) of this Court's Rules of Appellate Procedure provides:

> In the interest of docket control the Court may, either on its own motion or upon request, place a case in abeyance pending disposition of matters before this Court or other courts which may affect the ultimate resolution of an appeal. During the period of time a case is held in abeyance the appeal remains on the docket but nothing is done to advance the case to maturity and resolution. If a case is held in abeyance for cases other than a Fourth Circuit case, the parties will be required to make periodic status reports.

6.   On October 16, 2024, before the government filed its reply brief, this Court placed this case in abeyance pending a decision by this Court in *United States v. Simmons*, No. 23-4607.

7.   On July 7, 2025, this Court issued its decision in *United States v. Simmons*, ___ F.4th ___, 2025 U.S. App. LEXIS 16566 (4th Cir. 2025).

This Court did not decide whether 18 U.S.C. § 922(g)(3) violates the Second Amendment.

8. Mr. Alston has remained in pretrial detention for two and a half years since January 2023.

9. Once the government files its response brief, this case will be ripe for decision as to whether 18 U.S.C. § 922(g)(3) violates Mr. Alston's Second Amendment rights.

10. Mr. Alston respectfully requests that this Court remove this case from abeyance and issue a briefing schedule.

11. Assistant United States Attorneys Lucy Partain Brown and Sarah Elizabeth Nokes, who are representing the United States in this case, have no objection to the relief requested herein.

For these reasons, Mr. Alston respectfully requests that this Court remove this case from abeyance and issue a briefing schedule.

Respectfully submitted this 14th day of July 2025.

>Respectfully submitted,
>
>G. Alan DuBois
>Federal Public Defender
>
>/s/ *Andrew DeSimone*
>Andrew DeSimone
>Assistant Federal Public Defender
>Eastern District of North Carolina
>150 Fayetteville Street, Suite 450
>Raleigh, NC 27601
>(919) 856-4236

## Certificate of Compliance with Type Volume and Style Limitations

This document complies with the type volume limits because it contains fewer than 1,000 words.

This document complies with the typeface and type style requirements because it has been prepared in a proportionally spaced typeface using Microsoft 365 in size 14 Century Schoolbook font.

>/s/ Andrew DeSimone
>Andrew DeSimone